IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT, OHIO
EASTERN DIVISION

| | |
|---|---|
| ADVANCED DERMATOLOGY ) | CASE NO.: |
| *On behalf of itself and all others* ) | |
| *similarly situated* ) | JUDGE |
| 8940 Darrow Road ) | |
| Twinsburg, Ohio 44087 ) | |
| ) | |
| Plaintiff, ) | **CLASS ACTION COMPLAINT** |
| ) | **AND JURY DEMAND** |
| -vs- ) | |
| ) | |
| CORE BUSINESS SOLUTIONS, LLC ) | |
| dba Chapter Holdings N.A., LLC ) | |
| 200 N. Washington Street ) | |
| Tullahoma, TN  37388-3649 ) | |
| ) | |
| and ) | |
| ) | |
| CARTER M. CONLEY ) | |
| 200 N. Washington Street ) | |
| Tullahoma, TN  37388-3649 ) | |
| ) | |
| Defendant. ) | |

NOW COMES the Plaintiff, **ADVANCED DERMATOLOGY**, on behalf of itself and all others similarly situated, by and through the undersigned counsel, and hereby alleges and avers for its Class Action Complaint against the Defendants, **CORE BUSINESS SOLUTIONS, LLC, dba CHAPTER HOLDINGS N.A., LLC** and **CARTER M. CONLEY**, as follows:

## INTRODUCTION

1. Advanced Dermatology brings this nationwide Class Action Complaint against the Defendants for statutory damages resulting from violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") in sending unsolicited marketing and advertising facsimiles to people and businesses who have not given their consent.

1

2. Congress has found that "Unrestricted telemarketing … can be an intrusive invasion of privacy," that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," and that "Businesses also have complained to the Congress and the Federal Communications Commission that automated or prerecorded telephone calls are a nuisance, are an invasion of privacy, and interfere with interstate commerce." *Id*., Congressional Statement of Findings.

3. As a result, the TCPA prohibits the use of a telephonic facsimile machine to send unsolicited advertisements without the express permission of the recipient, creates a private right, and provides for statutory damages to redress violations of the law. *Id*.

## PARTIES

4. Plaintiff is a resident of Ohio who received an unsolicited facsimile from Defendants on its office fax machine without its consent.

5. Core Business Solutions, LLC is a limited liability company formed in Tennessee.

6. Core Business Solutions, LLC does business as "Chapter Holdings North America LLC," as an active assumed named according to records filed by it with the Tennessee Secretary of State.

7. Core Business Solutions, LLC also does business as "Chapter Holdings N.A., LLC," and it sends faxes using that dba.

8. Core Business Solutions, LLC also does business as "Chapter Holdings," "Chapter Holdings, LLC," "Chapter Holdings LLC, N.A." (though it is not truly a "N.A." – a national association or bank), "ChapterHoldings," and "ChapHoldings," among other names; and it operates the website www.ChapterHoldings.com and the email address info@chapholdings.com.

9. Hereafter, Core Business Solutions, LLC with all its dba's shall be referred to as "Chapter Holdings" and, together with Carter M. Conley ("Mr. Conley"), the "Defendants."

10. Chapter Holdings is not a law firm or operated by licensed attorneys, but nonetheless, Chapter Holdings is in the business of filing claims on behalf of creditors in bankruptcy proceedings.

11. According to Chapter Holdings, "In 3 years we've filed 1,396 claims for over $2,374,000.00."  https://www.chapterholdings.com.

12. On information and belief, Mr. Conley is a resident of Tennessee.

13. On information and belief, Mr. Conley is the sole member and manager of Chapter Holdings.

14. On information and belief, Mr. Conley exercises complete control over Chapter Holdings, so that it has no separate mind.  Moreover, as described herein, that control is exercised to commit unlawful acts such as violations of the TCPA and that control has resulted in injury to Advanced Dermatology and the putative class members, such that Mr. Conley may be held liable for the acts of Chapter Holdings.

## JURISDICTION

15. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

16. Venue is proper in this District because Defendant directed its tortious conduct at the Northern District of Ohio, causing Plaintiff's injury here.

## FACTS

17. On or about June 11, 2020, Defendants sent an unsolicited facsimile to Plaintiff.

18. Plaintiff and Defendant had no prior or existing business relationship, and Plaintiff did not give Defendant its number or consent to be sent a facsimile.

3

19. The facsimile was two pages long and advertised Defendants' services on specific terms.

20. The facsimile is attached hereto as Exhibit 1.

21. On information and belief, Defendants sent the facsimile as part of a national marketing campaign and strategy to promote its services.

22. On information and belief, Defendants continue to send such facsimiles nationwide without prior consent to do so.

23. Defendants' transmission of the facsimile caused damage to Plaintiff, including, but not limited to, monetary loss due the costs of paper, ink and toner; monetary loss due to work interruption and the loss of employee time to review the fax; invasion of privacy; nuisance; trespass to its chattel by interfering with its office facsimile used to aid patients; stress; aggravation; and because a violation of the TCPA is itself a concrete injury.

24. All members of the proposed class below have suffered the same or substantially the same injury due to Defendants' conduct as described herein.

## CLASS ALLEGATIONS

25. Class Definition: Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of itself and a Class of similarly situated individuals or business, defined as follows:

> All persons in the United States who received a facsimile from or on behalf of Chapter Holdings advertising its services and who had no ongoing business relationship with Defendant and had not given consent to receive facsimiles from Defendant, within the four years prior to the filing of the Complaint until the class is certified.

26. Numerosity: The exact number of the number of class members is unknown and is not available to Plaintiff at this time, but individual joinder in this case is impracticable.

Nonetheless, because on information and belief Defendants regularly gather lists of potential clients from bankruptcy courts to send unsolicited marketing materials to, such as advertising facsimiles, the Class likely consists of thousands of individuals and businesses. Nonetheless, class members can be easily identified through the facsimile records of Defendants or their agents.

27. Commonality and Predominance: There are many questions of law and fact common to the claims of Plaintiff and members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include but are not limited to the following:

a) Whether Defendants gather names from Court filings to send, or have sent through an agent, unsolicited faxes;

b) Whether Defendant ever attempt to obtain consent;

c) Whether Defendant has processes in place to prevent unsolicited facsimiles being sent;

d) Whether Defendant's conduct was willful;

e) Whether Defendant's facsimiles were solicitations; and

f) Whether Defendant's conduct constitutes a violation of the TCPA.

28. Typicality: Plaintiff's claims are not only typical of but identical to the claims of other Class members; and it sustained the same damages as other members of the Class as a result of Defendants' actions.

29. Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the Class, and Plaintiff has retained counsel competent and experienced in complex litigation and class actions including TCPA cases. Furthermore, Plaintiff has no interests antagonistic to the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and its

counsel are committed to vigorously prosecuting this action on behalf of members of the Class, and they have the financial resources to do so.

30. Superiority: This case is appropriate for certification because class proceedings are the best method available for the fair and efficient adjudication of this controversy in light of the common issues across the class and because the amount of individual damages are little and the costs litigation are significant, such proceeding as a class is the best method of class members obtaining relief.

### FIRST CLAIM FOR RELIEF
Violation of 47 U.S.C § 227
(On behalf of Plaintiff and the Class)

31. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

32. The TCPA expressly prohibits unsolicited facsimile advertising, 47 U.S.C. § 227(b)(1)(C).

33. The TCPA defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission in writing or otherwise." 47 U.S.C. § 227(a)(5); 47 C.F.R. § 64.1200(f)(1).

34. The Sixth Circuit also looks to dictionary definitions of the word "advertising" to further clarify its meaning to "the action of calling something" of a "commercial nature" to the attention of the public." *Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 221-222 (6th Cir. 2015)."

35. As such, Defendants violated this provision by sending unsolicited facsimiles advertising its services to Plaintiff and the class.

36. Accordingly, Defendants' facsimile is regulated by the TCPA, and Defendants' transmission of it without prior consent or a business relationship is unlawful.

37. As a result of Defendants' unlawful conduct, Plaintiff and the members of the Class have suffered actual damages as set forth above.

38. Under 47 U.S.C. § 227(b)(3)(B), Plaintiff and members of the Class are each entitled to, *inter alia,* a minimum of $500 in statutory damages for each violation.

39. Should the Court determine that Defendants' misconduct was willful and knowing, the Court may, pursuant to 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and members of the Class to $1,500 for each violation.

## **PAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests that this Court enter an order of joint and several liability of the Defendants as follows:

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff as representative of the Class, and appointing its counsel as Class Counsel;

B. Awarding injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia,* an order prohibiting Defendants from engaging in the wrongful and unlawful acts described herein;

C. An award of statutory damages per statute as described above;

D. An appropriate class member service award to Plaintiff;

E. An award of reasonable litigation expenses and attorneys' fees;

F. An award of pre- and post-judgment interest to the extent allowable; and

G. An award of any such other and further relief as equity and justice may require.

Respectfully submitted,

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Michael L. Berler (#0085728)
Michael L. Fine (#0077131)
Frederick & Berler LLC
767 East 185th Street
Cleveland, Ohio 44119
(216) 502-1055 (phone)
(216) 566-9400(fax)
ronf@clevelandconsumerlaw.com
mikeb@clevelandconsumerlaw.com
michaelf@clevelandconsumerlaw.com
*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury for all issues so triable.

*/s/Ronald I. Frederick*
Ronald I. Frederick (#0063609)
Frederick & Berler, LLC
*One of the Attorneys for Plaintiff*

# Chapter Holdings N.A. llc

7:30am - 4:00pm (Central Time)
200 N. Washington Street, Tullahoma, TN 37388
Mailing Address: PO Box 748, Tullahoma, TN 37388
ph. (931) 222-4646    fax (615) 777-3261
info@ChaptHoldings.com
www.ChapterHoldings.com

---

**Robyn E. Bangert**
Deadline – 06/16/2020
Advanced Dermatology
Address: PO Box 932930, Cleveland, OH 44193-2930, USA
Phone: (330) 425-7600    Fax: 330-963-7900

*Return this form signed with a balance statement on or before 06/16/2020 by 5 PM CST.

---

**Attn: Billing,**                                                                                    **June 11, 2020**

The debtor/s listed you in his/her/their bankruptcy. In order to be included, a claim must be timely filed. The following documents are necessary for us to file:
 (1) the signed "claims filing form" (pg. 2 of this fax); and
 (2) a summary of balance statement with the last date of service or last date of payment.

*PLEASE FAX OR EMAIL THE DOCUMENTS*

Please call (888) 407-4046 or email if you wish to Opt- out of these messages.

Thank you,
**Claims Department**

Ph. (931) 222-4646
Fax (615) 777-3261
info@ChaptHoldings.com
www.ChapterHoldings.com

Exhibit 1

# Chapter Holdings N.A. llc

200 N. Washington Street, Tullahoma, TN 37388
Mailing Address: PO Box 748, Tullahoma, TN 37388
Mon – Fri. Tullahoma Office: (931) 222-4646  Fax: (615) 777-3261
info@ChaptHoldings.com
www.ChapterHoldings.com

## Claims Filing Form

| Robyn E. Bangert<br>Deadline – 06/16/2020<br>Advanced Dermatology<br>Address: PO Box 932930, Cleveland, OH 44193-2930, USA<br>Phone: (330) 425-7600   Fax: 330-963-7900 | Account Activity Date/s: _____<br><br>Total Balance:    ($)_____ |
|---|---|

(Creditor's Signature) **X** _____  Date: _____

Mailing Address (If different from above): _____

City _____ State _____ Zip _____

\*Please attach receipts, account invoices, contract, etc. (proof of the debt)\*

1. You (Client) are requesting Chapter Holdings (Agent) to file an expedited Proof of Claim(s).
2. Our service is limited to filing the claim(s) and related "clerical" actions. Chapter Holdings LLC is a 3rd party claims filing business, not a law firm and not affiliated with any Court.
3. Agent's fee is 45% of the recovered funds (no win, no fee) plus $3.00 fee per disbursement. This includes any settlements or payments in connection to our service.
4. You may, at anytime, request to end this agreement, unless the claim has been filed. This agreement is at the Agent's option and continuous to other filings or future "re-filings".
5. You warrant that the claim is valid. You waive and indemnify the Agent to all liability. You agree to forward necessary documents. We may withdraw the claim for any reason.
6. This agreement shall be construed and executed in Tennessee (TN) and in accordance with its laws. In the event that any provision hereof is found to be invalid or unenforceable, that provision shall be deemed severed, and the remaining provisions shall remain valid and in full effect. In the event of any action under this agreement, both parties agree that venue will be Coffee Co. or TN, and expressly consent to the jurisdiction of Coffee Co. or TN.

~ Thank You ~